BIALY v. KRAUSE.

1. SALES—ORDER FOR GOODS—CONSTRUCTION.
   Where a soliciting agent wrote an order for goods and signed the buyer's name to it without his knowledge or request, and signed neither his own nor his principal's name to it, it did not constitute a binding contract, but was a mere order subject to the approval of the agent's principal.

2. SAME—ACTION FOR PRICE—INSTRUCTIONS.
   In an action for the price of agricultural machinery, in which the evidence conflicts as to whether there was an unconditional sale or a sale subject to the machine being satisfactory to the buyer, instructions examined, and *held*, to submit both theories fairly to the jury:

3. WITNESSES—IMPEACHMENT—ADMISSIBILITY OF EVIDENCE.
   The rejection of testimony tending to impeach a witness on an unimportant point, having no material bearing on the issue, is not error.

Error to Bay; Shepard, J.    Submitted October 18, 1905.    (Docket No. 72.)    Decided December 4, 1905.

Assumpsit by Robert C. Bialy against Ernest Krause for goods sold and delivered.    There was judgment for plaintiff, and defendant brings error.    Affirmed.

Plaintiff is a dealer in hardware and agricultural implements in Bay City; defendant, a farmer, living a few miles distant.    Plaintiff had an agent named Laetz, who went among the farmers soliciting orders, among whom was the defendant.    Mr. Laetz had a catalogue, in which was a cut or picture of an implement known as "No. 75 Iron Age Cultivator."    Plaintiff did not keep these cultivators in stock, and had never dealt in them, although he was the agent for the party who manufactured that implement among others.    There was considerable conversation between Mr. Laetz and the defendant upon which

they did not agree.    Mr. Laetz had a printed order book in which he took orders which he reported to the plaintiff. Mr. Laetz reported to plaintiff the following order:

"$35.00        BAY CITY, MICH., Feb. 12, 1903.   No. 282.
"I hereby order and purchase of R. C. Bialy one No. 75 Iron Age cultivator if satisfactory, if not won't take, for which I agree to pay as follows:   The express condition of the sale and purchase of this cultivator for which this note is given is such that the title, ownership, or possession does not pass from said R. C. Bialy until this note with interest is paid in full, and the said R. C. Bialy has full power to declare this note due, and take possession of said property above mentioned, at any time that he may deem this note insecure, even before maturity of the same.
                                        "E. KRAUSE."

This document was printed, except the date, the figures "$35.00" and "one No. 75 Iron Age cultivator if satisfactory, if not won't take." These were written in by Mr. Laetz.   Defendant did not sign this paper.   Mr. Laetz put his name to it, gave defendant one, and turned in the other to plaintiff.   Defendant testified that he did not sign the order, that he did not ask Mr. Laetz to sign it, and that he did not know that Mr. Laetz had signed it until the paper was handed to him.

Plaintiff testified that he knew nothing about the cultivator, had never dealt in it, and refused to accept the order and send to the manufacturer for the implement.   He did not, however, notify the defendant.   Three or four weeks after the defendant went to the plaintiff's store and there had a conversation about the matter.   Plaintiff's claim, supported by his own testimony and of Mr. Laetz, is that he informed defendant that he would not order the implement of the manufacturer upon the terms proposed in the paper returned to him by Mr. Laetz; that, if defendant desired the implement, he would order it for him, but it must be at his own risk, and that defendant agreed to these terms; that he then ordered the implement; that it did not come as soon as expected; that, when it did

come, he told defendant he was not compelled to take it on account of the delay; and that, if he did not wish it, he would return it to the manufacturer, but that defendant said he would take it, and it was delivered to him.

Defendant's claim is that the terms contained in the above-mentioned paper was the contract, and the only one which he made with the plaintiff; that Mr. Laetz came out to his farm to assist in a trial of the cultivator; that it did not work to defendant's satisfaction; and that he told Mr. Laetz to take it away if that was the best it would do. Defendant did not return the implement, and it remains in his possession.

The case was submitted to a jury upon the two theories, and the jury found a verdict for the plaintiff.

*Pierce & Kinnane*, for appellant.

*John L. Stoddard*, for appellee.

GRANT, J. (*after stating the facts*). 1. In the first part of his instruction the court instructed the jury:

" If that machine was sold to the defendant to be satisfactory, if that machine was sold to defendant and guaranteed to be satisfactory to him, the plaintiff would have to show that the defendant was satisfied with the machine, and it leaves the entire control and determination of the whole matter with the defendant. The plaintiff would have no standing at all, unless the defendant would determine that the machine was just what he wanted and all he wanted and perfectly satisfactory in every way, and in such case only could he be held for it."

At the very close of his instruction he said:

" If, on the contrary, you should determine that the order that was taken by the agent was approved by Mr. Bialy and the machine sold under the conditions therein stated, then the plaintiff cannot recover."

Error is assigned upon the instruction that "the order, of course, was subject to the approval and confirmation of the plaintiff, or, if he refused to approve it or to act upon it, that would be the end of it," and, further, that

·"the defendant did not sign the order, and all the order amounts to is simply a memorandum of that talk that was between the agent and the defendant," and that the order was admissible to fix and determine the talk or understanding between them.  Defendant insists that the order was a binding contract.  We think this position cannot be maintained.  Defendant did not sign the contract, and did not ask the agent to sign it.  It was not signed by plaintiff or his agent.  It can be construed in no other light than that of an order subject to the approval of the plaintiff.  Under his theory of the case, and the theory submitted to the jury, he did not accept it, and so notified the defendant.  This point is ruled by *Bronson* v. *Herbert*, 95 Mich. 478.

2. Complaint is made that the charge of the court as a whole was argumentative and unfair to the defendant. We think it is not subject to this complaint.  The two theories were stated to the jury, and we think that the charge as a whole was a correct statement of the law.

Errors are also assigned upon the rejection of certain testimony, which defendant's counsel insist, if introduced, would have tended to impeach the testimony of the witness Laetz.  The alleged impeachment was on an unimportant point, and could not have had a material bearing upon the issue.

Judgment affirmed.

McALVAY, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.